UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. VALENCIA, JR., <br><br> Petitioner, <br><br> v. <br><br> MICHAEL MARTEL, <br><br> Respondent. | 1:11-cv–01066-AWI-SKO-HC <br><br> ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION TO NAME MICHAEL MARTEL AS RESPONDENT (Doc. 12 <br><br> ORDER DIRECTING THE CLERK TO CHANGE THE NAME OF THE RESPONDENT <br><br> ORDER DEEMING PETITIONER'S REQUEST FOR STATUTORY TOLLING TO BE A MOTION FOR A STAY OF THE PROCEEDINGS (DOC. 11) <br><br> ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE (Docs. 11, 13, 14) <br><br> ORDER STAYING THE ACTION PENDING EXHAUSTION OF STATE COURT REMEDIES <br><br> ORDER DIRECTING PETITIONER TO FILE PERIODIC STATUS REPORTS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's motion to amend the petition to name a

1

proper respondent filed on July 8, 2011, and Petitioner's responses to the Court's order to show cause, which were filed on July 8 and 29, 2011.

I. Motion to Amend the Petition

In response to the Court's previous grant of leave to amend the petition, Petitioner requests that Michael Martel be named as Respondent in this matter.

A petitioner seeking habeas relief must name the state officer having custody of him or her as the respondent to the petition. Rule 2(a) of the Rules Governing Section 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). Normally, the person having custody of the prisoner is the warden of the prison because the warden has "day to day control over" the prisoner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). Therefore, Petitioner's request is proper.

Accordingly, Petitioner's motion for leave to amend the petition to name Michael Martel as Respondent in this matter will be granted, and the Clerk will be directed to change the name of Respondent to Michael Martel.

II. Response to the Order to Show Cause

In the original petition, Petitioner alleged that he is an inmate of the San Quentin State Prison serving a sentence of twenty-five (25) years to life imposed on January 6, 2010, in the Tuolumne County Superior Court upon Petitioner's conviction of corporal injury to a spouse in violation of Cal. Pen. Code § 273.5(a). Petitioner raised the following claims in the

2

1  petition as to which state court remedies were exhausted:  1) the
2  trial court's failure to instruct on the defense of necessity
3  violated his right to due process of law; 2) trial counsel's
4  failure to request an instruction on the necessity defense
5  violated Petitioner's rights under the Sixth and Fourteenth
6  Amendments to the effective assistance of counsel; and 3) the
7  sentencing court's failure to strike at least one prior
8  conviction resulted in a sentence that was disproportionately
9  severe and grossly excessive in violation of Petitioner's right
10 to due process of law.  (Pet. 6-11.)
11      However, Petitioner also alleged violations of due process
12 of law and ineffective assistance of counsel under the Sixth and
13 Fourteenth Amendments based on the trial court's admission of
14 unspecified evidence concerning a nine-year-old matter involving
15 a negotiated disposition that was relevant to impeach witness
16 Kendall Long.  (Pet. 13.)
17      On July 29, 2011, the Court issued an order to Petitioner to
18 show cause why the petition should not be dismissed for failure
19 to exhaust state court remedies as to the claim or claims
20 concerning the negotiated disposition that should have been used
21 to impeach witness Kendall Long.  (Pet. 13.)
22      On July 8, 2011, Petitioner filed a response to the order to
23 show cause and a motion requesting "statutory tolling"; on July
24 13, 2011, Petitioner filed a supporting declaration and a further
25 response to the order to show cause.  The Court DEEMS these
26 documents to be a motion for a stay of the proceedings.  (Docs.
27 11, 13, 14.)
28      In the response, Petitioner states that the issue in

3

question was featured as a footnote in Petitioner's opening brief on direct appeal.  (Doc. 11, 1.)

Further, Petitioner lists the following issues based on federal constitutional provisions that he seeks to raise in the petition but which have not yet been fully presented to the state courts: 1) a violation of due process by denial of Petitioner's motion in limine to exclude as unduly prejudicial the testimony of a witness in a nine-year-old case; 2) a violation of due process based on the admission of the witness's testimony without disclosure to the jury of impeachment evidence consisting of a negotiated disposition; 3) a violation of the right to the effective assistance of trial counsel by counsel's failure to impeach the witness with evidence of the negotiated disposition; 4) denial of the right to a fair trial and an impartial tribunal by the trial court's failure to recuse itself from presiding over Petitioner's trial after having previously signed documents evincing a belief in Petitioner's guilt; 5) denial of the right to the effective assistance of counsel based on counsel's failure to disqualify the trial judge; 6) denial of the right to the effective assistance of appellate counsel by appellate counsel's failure to raise the issue of judicial bias; 7) ineffective assistance of trial counsel based on counsel's failure to introduce a letter from Petitioner's wife indicating that she accidentally bumped her own head while trying to enter her truck and drive while intoxicated; 8) a denial of due process based on the admission of prejudicial photographs, including a) an unduly enlarged view of the injuries suffered by Petitioner's wife, and b) a view of Petitioner's hands with tattoos and handcuffs; 9) a

1  denial of the right to the effective assistance of counsel based
2  on counsel's failure to object to the admission of the unduly
3  suggestive photographs; and 10) a hindrance of Petitioner's right
4  to a meaningful appeal based on Petitioner's inability to obtain
5  a transcript of a proceeding and a body attachment order
6  concerning Petitioner's wife, who told Petitioner that she was
7  being harassed by the prosecution with respect to her testimony
8  and was being pressured to persuade Petitioner to enter a guilty
9  plea pursuant to a plea offer. (Doc. 11, 5-8.)
10      On July 13, 2011, Petitioner filed a declaration in support
11 of his motion for a stay which he had been unable to attach to
12 the previously filed motion.  (Doc. 13, 1.)
13      On July 29, 2011, Petitioner filed a further response to the
14 order to show cause and a second motion requesting a stay and
15 abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005).
16      It is established that a petition for writ of habeas corpus
17 may be filed in the trial court while an appeal is pending.  Cal.
18 Const. art. VI, § 10;  In re Carpenter, 9 Cal.4th 634, 645-46
19 (1995).  However, correspondence shows that as late as October 6,
20 2010, Petitioner's appointed appellate counsel continued to
21 advise Petitioner to wait to file a petition for writ of habeas
22 corpus raising the ineffective assistance of counsel until after
23 the conclusion of the direct appeal; counsel further advised that
24 having the appellate court consider Petitioner's petition for
25 habeas relief at the same time it considered his appeal would not
26 be helpful to his direct appeal and in fact would dilute the
27 strength of the issues raised in the appeal.  (Doc. 13, 3-5; doc.
28 14, 6.)  The Supreme Court of California denied a petition for

review on May 11, 2011; Petitioner declares, and correspondence reflects, that his receipt of notice of the denial was delayed until after May 24, 2011. Further, Petitioner declares that he did not know earlier about the issues he seeks to raise because there was a delay in receipt of the record on appeal until March 31, 2011. Petitioner was in administrative segregation for his own protection from March 8, 2010, through February 2, 2011 (eleven months) with limited access to the law library. (Doc. 14, 9.) Petitioner filed a grievance concerning the restrictions on access to the law library, and he was ultimately granted "PLU status" with increased access commencing on or about July 15, 2011. (Doc. 14, 11.)

   III.   Motion to Stay the Proceedings

   A district court may not adjudicate a petition containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, since the advent of the statute of limitations provided for by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), it is recognized that a district court has the inherent authority to exercise its discretion to stay a mixed petition to allow the petitioner to present unexhausted claims to the state court in the first instance and then return to federal court for review of the perfected petition. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). Stay and abeyance are available only in limited circumstances where 1) the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court, 2) the petitioner has not engaged in abusive litigation tactics or intentional delay, and 3) the

6

1 unexhausted claims are not plainly meritless.  Id. at 277-78.
2 Because of the underlying purposes of the AEDPA to reduce delays
3 in the execution of state and federal criminal sentences and to
4 encourage petitioners to seek relief initially from the state
5 courts, a stay should endure for only a reasonable time and
6 should be explicitly conditioned on the petitioner's pursuit of
7 state court remedies within a brief interval.  Id.
8      The Supreme Court has not articulated what constitutes good
9 cause under Rhines, but it has stated that "[a] petitioner's
10 reasonable confusion about whether a state filing would be timely
11 will ordinarily constitute 'good cause' for him to file" a
12 "protective" petition in federal court.  Pace v. DiGuglielmo, 544
13 U.S. 408, 416 (2005).  The Ninth Circuit has held that the
14 standard is a less stringent one than that for good cause to
15 establish equitable tolling, which requires that extraordinary
16 circumstances beyond a petitioner's control be the proximate
17 cause of any delay.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th
18 Cir. 2005).  The Ninth Circuit has recognized, however, that "a
19 stay-and-abeyance should be available only in limited
20 circumstances."  Id. at 661 (internal quotation marks omitted);
21 see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008),
22 cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276
23 (2009) (concluding that a petitioner's impression that counsel
24 had exhausted a claim did not demonstrate good cause).
25      Here, Petitioner has set forth specific facts tending to
26 show a reasonable basis for confusion concerning the timeliness
27 of the state court filings.  The allegations of the petition
28 involve ineffective assistance of both trial and appellate

7

counsel.  It is evident that Petitioner's efforts to mount a collateral attack on his conviction were delayed by instructions given by Petitioner's appellate counsel.  The record reflects Petitioner's diligence in attempting to discern issues and to initiate exhaustion of state court remedies.  The Court concludes that the unique circumstances of the present case constitute good cause for Petitioner's failure to exhaust the unexhausted claims.

Further, the allegations of the petition tend to reflect an absence of intentional delay.  Petitioner sought to raise the omitted issues during proceedings on direct appeal; Petitioner diligently combed the record for issues once appellate counsel relinquished the record; and Petitioner's placement in segregated housing and other restrictions affected Petitioner's ability to prepare state court petitions.  Petitioner has filed numerous claims or petitions in the trial court.  (Doc. 11, 5-8.)  Thus, exhaustion of state court remedies is under way.

Further, it does not appear that the unexhausted claims are plainly without merit.

Therefore, the Court will grant a stay of the proceedings so Petitioner can complete exhaustion of the additional claims sought to be raised in the initial petition and in the motion for a stay.

However, the Court will not indefinitely hold the petition in abeyance.  Rhines, 544 U.S. at 277.  Petitioner must proceed diligently to pursue his state court remedies and must file a status report every ninety (90) days advising the Court of the status of the state court proceedings.  Following final action by the state courts, Petitioner will be allowed thirty (30) days to

notify the court of completion of exhaustion. Failure to comply with these instructions and time allowances will result in this Court's vacating the stay nunc pro tunc to the date of this order. Rhines, 544 U.S. at 278.[1]

IV. Disposition

Accordingly, it is ORDERED that:

1. Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is GRANTED;

2. The instant petition is STAYED pending exhaustion of Petitioner's state court remedies as to the additional claims set forth herein;

3. Petitioner is DIRECTED to file a status report within ninety (90) days of the date of service of this order advising the Court of the cases that have been filed in state court, the date the cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every ninety (90) days thereafter; and

5. Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report and to seek to amend the petition in this proceeding to include the additional claims set forth above; and

6. Petitioner's motion for leave to amend the petition to name Michael Martel as Respondent in this matter is GRANTED; and

7. The Clerk of Court is DIRECTED to change the name of Respondent to Michael Martel.

---

[1] Petitioner is forewarned that the Court's grant of the stay herein does not resolve on the merits any issues that might be raised by a respondent concerning timeliness, exhaustion, or other procedural matters relating to Petitioner's claims.

9

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated: August 23, 2011**  /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE