UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. VALENCIA, JR., ) | 1:11-cv—01066-AWI-SKO-HC |
| ) | |
| Petitioner, ) | ORDER STRIKING PETITIONER'S |
| ) | NOTICES (DOCS. 30, 34) |
| ) | |
| v. ) | |
| ) | |
| DIRECTOR OF CORRECTIONS AND ) | |
| REHABILITATION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.

  The Court has previously directed Respondent to file a response to the first amended petition (FAP), which was filed on June 14, 2012. Pending before the Court are two documents concerning notice or judicial notice filed by Petitioner on June 28, 2012, and July 13, 2012, respectively. (Docs. 30, 34.)

  In the notices, which were filed after the FAP was filed, Petitioner refers to claims he has made in the FAP. The FAP is

1

before the Court because it was filed and docketed in this action.  Although the Court is authorized to take judicial notice of various facts by the pertinent rules of court, there is no need for the Court to take judicial notice of matters that are set forth in the Petitioner's FAP.

Further, if Petitioner is attempting to amend the terms of the FAP, Petitioner is informed that an amended petition must be set forth in a separate document.  An amendment of the petition cannot be accomplished by means of judicial notice.

To the extent that Petitioner is attempting to set forth legal argument in these notices, Petitioner will have an opportunity to set forth legal arguments in response to whatever document Respondent files in response to the FAP.

Fed. R. Civ. P. 12(f) provides as follows:

> The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
>
>    1) on its own; or
>
>    2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

A court may strike a document that does not conform to the formal requirements of the pertinent rules of court. <u>Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 143 F.R.D. 189, 191 (N.D. Ill. 1992).  The authorized pleadings in a habeas corpus proceeding are the petition, the answer or any authorized motion filed in response to the petition, and any reply thereto.  Rules 1-5 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).

Here, the Court is awaiting the Respondent's response to the petition. Petitioner has not sought, and the Court has not granted, permission to amend the petition or to submit additional documents in support of the petition.

Accordingly, it is ORDERED that Petitioner's notices (docs. 30, 34) be STRICKEN from the docket as inappropriately filed.

IT IS SO ORDERED.

**Dated:   July 16, 2012**                           /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE